By the Court,

Nelson, C. J.
The question is whether a suit can be *312 maintained against a non-residmt defendant in the court below, commenced by the filing and service of a declaration ?
By 2 R. S. 149, § 19, 2d. ed. the' mayor, recorder and aldermen of Troy, &c. have power to hold a court of common pleas, to be called, “ The Mayor’s Court of the City of Troy,” and by § 20, the said court have power “ to hear, try, and determine, according to law, all local actions arising within the city of Troy, and also all transitory actions, although the same may not have arisen therein.”
The statute, allowing suits to be commenced by the filing and service of a declaration, in terms confined the proceeding to the supreme court, and to the common pleas of the county in which the defendant resided. 2 R. S. 269, § 1. It was doubtful, therefore, whether mayor’s courts of the cities were embraced within the provision, though they had authority to hold courts of common pleas : that not being their title; to remedy which, the following section was enacted: “ All the provisions of the first Title of Chapter six, of the third Part of the Revised Statutes, 2 R. S. 269, relating to the commencement of suits, shall hereafter apply to the commencement of suits in the mayor’s courts of the several cities of this state ; and that actions in said mayor’s courts may be commenced in the same manner as in the supreme court, and courts of common pleas.” Statutes of 1833, p. 20, § 5. The phraseology is not very fortunate to express what is obviously the meaning intended by the legislature, namely: that suits might be commenced in these courts, in the same *manner [ *409 ] as in the courts of common pleas. It comes to this, because the limitation as to residence in the case of the common pleas necessarily applies, being subject to the manner of commencing in those courts as well as in the supreme court. If it had been designed to put them on a footing with the latter court in this respect, why include the common pleas at all ?
I have a strong impression we have already decided the question in conformity with the above case, on a case that came up from the mayor’s court of the city of Albany.
The counsel for the plaintiff below supposes that the power is unlimited, because there is no express restrictive clause, as in the case of the superior court of the city of New-York and the mayor’s court of Rochester. Statutes of 1830 p. 18, § 1, and Statutes of 1834, p. 333, § 1. But upon our view of the act of 1833, the restriction is equally explicit and conclusive.
Judgment reversed.